IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| FOUNDERS INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JC'S BULLSEYE SPORTS BAR, INC., )<br>ADRIAN THOMPSON, AND )<br>BRANDON FAIRCLOTH, )<br>)<br>Defendants. ) | Civil Action Number: _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now Plaintiff, Founders Insurance Company (hereinafter referred to as "Founders"),

by and through counsel, and for its Complaint for Declaratory Judgment against the above-captioned

Defendants states as follows:

### *NATURE OF ACTION*

1. This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C.

§ 2201 and 2202 in order to resolve an actual controversy concerning the applicability of an

insurance policy issued by Founders to JC's Bullseye Sports Bar, Inc. (hereinafter referred to as

"Defendant Bullseye"), and arising out of claims made against Defendant Bullseye and Adrian

Thompson (hereinafter referred to as "Defendant Thompson") in the underlying lawsuit captioned

*Brandon Faircloth v. JC's Bullseye Sports Bar, Inc. and Adrian Thompson,* case number 10C1045

(hereinafter referred to as the "*Faircloth* Action"), which is pending in the Circuit Court for

Davidson County, Nashville, Tennessee. A true and correct copy of the Complaint filed to initiate

the *Faircloth* Action is attached hereto and marked as Exhibit A.

### *JURISDICTION AND VENUE*

2. This declaratory judgment action is brought pursuant to U.S.C. § 2201, 2202, and

Rule 57 of the Federal Rules of Civil Procedure.

3.     An actual justiciable controversy exists between Founders and Defendant Bullseye within the meaning of 28 U.S.C. § 2201, regarding the scope and extent of insurance coverage provided under Founders' policy of insurance, as more particularly described below.

4.     This Court may properly exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of the interest and costs, and the suit is between citizens of different states.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to this claim occurred in this District and all Defendants reside in this District.

### THE PARTIES

6.     Plaintiff Founders is an insurance company duly organized and existing under the law of the state of Illinois, with its principal place of business in Des Plaines, Illinois and no other state.

7.     Founders is licensed to transact business in the state of Tennessee.

8.     Defendant Bullseye is a domestic corporation doing business in Tennessee at 3248 Blackwood Drive, Nashville, Davidson County, Tennessee 37214.

9.     Defendant Thompson is a citizen and resident of Davidson County, Tennessee, and no other state. Defendant Thompson is a Defendant in the *Faircloth* Action, and a nominal party to this declaratory judgment action, who has been joined as a party Defendant solely in order to be bound by the judgment entered in this cause.

10.     Defendant Brandon Faircloth ("underlying Plaintiff" or "Defendant Faircloth") is a citizen and resident of Davidson County, Tennessee, and no other state. Defendant Faircloth is the Plaintiff in the *Faircloth* Action, and a nominal party to this declaratory judgment action, who has been joined as a party Defendant solely in order to be bound by the judgment entered in this cause.

2

## GENERAL ALLEGATIONS

11.    On April 15, 2010, Defendant Faircloth filed the *Faircloth* Action, for personal injuries against Defendant Bullseye and Defendant Thompson (Exhibit A).

12.    The *Faircloth* Action alleges that Faircloth's injuries, losses, and damages were caused on January 14, 2010 when Faircloth was a patron at Defendant Bullseye's business and was brutally attacked by Defendant Thompson causing Defendant Faircloth to sustain serious, painful and debilitating personal injuries, lost wages, and other losses. (Exhibit A, ¶ 4).

13.    The *Faircloth* Action alleges, *inter alia*, that Bullseye was negligent as follows:

a) Permitted Defendant Thompson to enter Bullseye's premises knowing of his previous propensity of violence to other patrons as well as his unruly, violent combative nature.

b) Served intoxicating beverages to Defendant Thompson when Bullseye knew, or should have known, that he was of such nature as to become unruly, violent, and combative after having consumed intoxicating beverages; and knowing he was intoxicated and continued to provide intoxicants to him.

c) Allowing Defendant Thompson to enter Bullseye's premises after barring him from its premises because of his previous, unruly, violent, combative nature to Bullseye's patrons.

d) Failing to aid or attempt to aid Plaintiff while Plaintiff was being assaulted, beaten, and violently attacked by Defendant Thompson.

e) Failing to have security or personnel to prevent Plaintiff from being assaulted. (Exhibit A, ¶ 6).

The *Faircloth* Action alleges, *inter alia*, that Defendant Thompson was negligent in causing Faircloth's injuries as follows:

a) Assaulted Plaintiff intentionally and violently without provocation. (Exhibit A, ¶ 7).

## THE FOUNDERS INSURANCE POLICY

14.    Founders Insurance issued a commercial general liability policy to Defendant Bullseye effective June 5, 2009 through June 5, 2010, under policy number CPTN000105. A true and correct copy of the Founders policy is attached hereto and marked as Exhibit B.

15.     There presently exists an actual and bona fide dispute as to whether Founders Insurance owes Defendant Bullseye a defense or indemnification with respect to the *Faircloth* Action under the Founders Insurance policy.

## COUNT I DECLARATORY JUDGMENT – NO COVERAGE UNDER THE COMMERCIAL GENERAL LIABILITY COVERAGE

16.     The Founders policy CPTN000105 states in relevant part:

> 1. Insuring Agreement
>    a) We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .

17.     Certain exclusions to the Commercial General Liability policy exist. An exclusion specific to the *Faircloth* Action TENNESSEE CGL ENDORSEMENT - ASSAULT AND/OR BATTERY EXCLUSION (TN-CGL02(12-07)), excludes the *Faircloth* Action from coverage under the Founders Commercial General Liability policy.

18.     The Assault and Battery Exclusion to the Commercial General Liability policy reads:

This insurance does not apply to:

1.      Assault and/or Battery/Negligent Hiring
"Bodily injury", "property damage", or "personal and advertising injury" arising from:
      (a)     assault and/or battery committed by any "insured", any "employee" of an insured, or any other person;
      (b)     The failure to suppress or prevent assault and/or battery by any person in subparagraph 1.(a) above;
      (c)     The selling, serving or furnishing of alcoholic beverages which results in an assault and/or battery; or
      (d)     The negligent:
            (1)     Employment;
            (2)     Investigation;
            (3)     Supervision;

4

(4)     Reporting to the proper authorities, or failure to so report; or

(5)     Retention

of or by a person for whom any "insured" is or ever was legally responsible and whose conduct would be excluded by subparagraph 1.(a) through 1.(c) above.

19.     Bodily injury is defined within the CGL policy as:

"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

20.     The Commercial General Liability policy also contains a Liquor Liability exclusion.

This exclusion reads:

**c.      Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

**(1)**     Causing or contributing to the intoxication to any person;

**(2)**     The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**(3)**     Any statute, ordinance, or regulation relating to the sale, gift, distribution, or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving, or furnishing alcoholic beverages.

21.     An endorsement contained within the Commercial Liability policy is TN-CGL01 (12/07). The TN-CGL01 endorsement provides additional exclusions from coverage. This endorsement contains a liquor liability exclusion at paragraph 12. The liquor liability exclusion provides that the insurance does not apply to:

"Bodily injury", "property damage", or "personal and advertising injury" for which the insured or any indemnitee(s) may be held liable or negligent:

5

(a) as a person or organization engaged in the business of manufacturing, distributing, selling, furnishing, or serving alcoholic beverages; or

(b) [inapplicable]

This exclusion applies even if the claims against any insured or indemnitee allege negligence or other wrong doing in the supervision, hiring, employment, training or monitoring or others by that insured or indemnitee.

This exclusion applies in addition to any similar exclusion in the policy and regardless of whether the insured or the insured's indemnitee is in the business of making a profit from selling or serving such alcoholic beverages and we shall have no obligation to defend any loss excluded hereunder against the insured or the insured's indemnitee seeking damages by reason of such "bodily injury", "property damage", or "personal and advertising injury", even if any of the allegations of the "suit" are groundless, false or fraudulent.

22.     The Founders policy also includes a coverage part titled TENNESSEE LIQUOR LIABILITY COVERAGE PART. Under this portion of the policy, Founders Insurance Company agrees:

We will pay those sums that an "insured" becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on an "insured" by reason of the selling, serving, or furnishing of any alcoholic beverage; and

We will defend an "insured" against any "suit" seeking those damages.
. . .

We have no duty to defend an "insured" against any "suit" seeking damages for "injury" to which this insurance does not apply.
. . .

23.     The TENNESSEE LIQUOR LIABILITY COVERAGE PART contains certain exclusions. Within the exclusions it is stated this insurance does not apply to:

k.     Assault and/or Battery
        "Injury" arising from:
        (1)     assault and/or battery committed by any "insured", any "employee" of an insured, or any other person;
        (2)     The failure to suppress or prevent assault and/or battery by any person in subparagraph k.(1) above;

6

(3)     The selling, serving or furnishing of alcoholic beverages which results in an assault and/or battery; or

(4)     The negligent:
  (a)    Employment;
  (b)    Investigation;
  (c)    Supervision;
  (d)    Reporting to the proper authorities, or failure to so report; or
  (e)    Retention

of or by a person for whom any "insured" is or ever was legally responsible and whose conduct would be excluded by subparagraph k.(1) through k.(3) above.

24.     The TENNESSEE LIQUOR LIABILITY COVERAGE PART defines injury as:

"Injury" means all damages, including damages because of "bodily injury," "property damage," and "loss of support."

25.     The injuries for which demand is made in the *Faircloth* Action arise out of an "assault and battery." As referenced above in paragraph 12, the *Faircloth* Action arises out of an event that occurred:

On January 14, 2010, Plaintiff [Faircloth] was a patron at Defendant Bullseye's business when he was brutally attacked by Defendant Thompson causing Plaintiff to sustain serious, painful, and debilitating injuries, lost wages, and other losses. (Exhibit A, ¶ 4).

26.     Accordingly, Founders Insurance does not owe a duty to defend or indemnify Defendant Bullseye for the *Faircloth* Action under the Founders Insurance policy.

**WHEREFORE**, Plaintiff, Founders Insurance Company, respectfully requests this Court enter a judgment finding and declaring as follows:

A)     The Founders Insurance Company policy, policy number CPTN000105, does not provide coverage for claims made against JC's Bullseye Sports Bar, Inc., and any party purporting to assert rights under the Founders Insurance policy number CPTN000105 in the *Faircloth* Action, case number 10C1405 which is currently pending in the Circuit Court for Davidson County, Nashville, Tennessee.

7

B)     That Founders Insurance Company does not have a duty to defend JC's Bullseye Sports Bar, Inc., and any party purporting to assert rights under Founders Insurance policy number CPTN000105 in the *Faircloth* Action.

C)     That Founders Insurance Company does not owe Defendant Bullseye, and any party purporting to assert rights under the Founders Insurance policy number CPTN000105 in the *Faircloth* Action, any reimbursement for costs, fees, and/or settlement amounts paid or incurred in defense of the *Faircloth* Action under the Founders Insurance policy number CPTN000105.

D)     That Founders Insurance Company does not have a duty to indemnify Defendant Bullseye, and any party purporting to assert rights under the Founders Insurance policy number CPTN000105 in the *Faircloth* Action, for amounts paid or incurred by any party in the *Faircloth* action under the Founders Insurance policy number CPTN000105.

F)     That the Court enter such further declarations and award such further relief as it deems necessary and appropriate in these premises.

Respectfully submitted,

**FEENEY & MURRAY, P.C.**

By: _____

**John Thomas Feeney**
BPRN 11482
Attorneys for Plaintiff
P.O. Box 198685
Nashville, Tennessee 37219-8685
(615) 242-3700

8