IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FOUNDERS INSURANCE CO.                )
                                      )
v.                                    ) NO. 3-10-0493
                                      ) JUDGE CAMPBELL
JC'S BULLSEYE SPORTS BAR INC.,        )
et al.                                )

MEMORANDUM

Pending before the Court is Defendant JC's Bullseye Sports Bar's "Motion to Enter an Order Either Abstaining from Deciding this Declaratory Judgment or Alternatively Defer Fact Finding to the Pending State Action" (Docket No. 23).

FACTS

This declaratory judgment action arises from the facts underlying the state court action of *Faircloth v. JC's Bullseye Sports Bar, Inc., et al.*, Case No. 10C1405 in the Davidson County, Tennessee Circuit Court. In that action, Mr. Faircloth alleges that Defendants are liable to him for personal injuries suffered when Faircloth was a patron at Defendant Bullseye's business and was brutally attacked by Defendant Thompson. Mr. Faircloth contends, in the state court action, that both Defendants (Bullseye and Thompson) were negligent. *See* Docket No. 1, Ex. A, in this case.

Plaintiff herein, Founders Insurance Company, asserts that it issued a commercial general liability policy to Defendant Bullseye and that there presently exists a controversy as to whether it owes Defendant Bullseye a defense or indemnification under that policy with respect to the *Faircloth* action. Plaintiff asks the Court to find that the policy at issue does not provide coverage for the claims made against Defendant Bullseye in the *Faircloth* action. Defendant Bullseye asks

the Court to abstain from hearing this declaratory judgment action or to defer the matter pending fact finding in the state court action.

DISCUSSION

The question presented is whether this Court should exercise its discretion under 28 U.S.C. § 2201 to render a declaratory judgment on this controversy about insurance coverage when there is a related civil tort action in the state court. There is no *per se* rule that prevents the exercise of jurisdiction by this Court over a declaratory judgment action brought by an insurer to determine a question about insurance coverage. *American Modern Home Ins. Co. v. Daniel*, 2003 WL 21920939 at * 4 (E.D. Tenn. June 30, 2003).

The granting of a declaratory judgment rests in the sound discretion of the court. *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 325 (6th Cir. 1984). The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue; and (2) when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding. *Id*. at 326.

In the Sixth Circuit, the following factors guide the exercise of judicial discretion concerning declaratory judgments: (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the remedy of a declaratory judgment is being used merely for the purpose of procedural fencing or to provide an arena for a race to the courthouse to obtain *res judicata*; (4) whether the use of a declaratory action would increase friction between federal and state courts; and (5) whether there is an alternative remedy that is superior or more effective. *Grand Trunk*, 746 F.2d at 326.

2

In this case, the underlying factual issues in the state court action are important to an informed decision in this case. Plaintiff's primary arguments herein are that the claims of Mr. Faircloth in the state court action fall within numerous exclusions in the subject insurance policy. Whether this assertion is correct depends, at least in significant part, upon what Mr. Faircloth's claims are. The facts underlying Mr. Faircloth's claims will be determined by the state court in deciding whether Defendants in that action are liable to Mr. Faircloth. The state court is in a better position to determine the underlying facts of Mr. Faircloth's claims, since Mr. Faircloth's action was filed first, it involves state law claims for negligence by the Defendant therein, and the issues for determination are, essentially, what happened to Mr. Faircloth and who is responsible.

This case will ultimately serve a useful purpose in clarifying and settling the legal relations in issue and will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding, but not just yet. Once the underlying factual disputes have been resolved, this Court can better settle the controversy as to insurance coverage for the incident in question. A determination by this Court of those underlying factual disputes would be duplicative and inefficient and could result in conflicting findings.

For these reasons, Defendant Bullseye's Motion is GRANTED, and this action is stayed, pending resolution of the related state court action.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE